UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNY MEADOR, #645264,

        Petitioner,

                                 CASE NO. 5:12-CV-10460

v.                             HONORABLE JOHN CORBETT O'MEARA

LLOYD RAPELJE,

        Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION
## TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE

### I.

      This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Kenny

Meador ("Petitioner"), currently confined at the Saginaw Correctional Facility, in Freeland,

Michigan, asserts that he is being held in violation of his constitutional rights. Petitioner was

convicted of conducting a criminal enterprise, MICH. COMP. LAWS § 750.159i(1), two counts of first-

degree home invasion, MICH. COMP. LAWS § 750.110a(2), three counts of receiving and concealing

stolen property with a value of $1,000 but less than $20,000, MICH. COMP. LAWS § 750.535(3)(a),

and two counts of possession of a firearm during the commission of a felony, MICH. COMP. LAWS

§ 750.227b, following a jury trial in the Saginaw County Circuit Court in 2009. He was sentenced

as a third habitual offender, MICH. COMP. LAWS § 769.11, to concurrent terms of 12 to 40 years

imprisonment on the criminal enterprise and home invasion convictions, concurrent terms of 6 to

10 years imprisonment on the stolen property convictions, and concurrent terms of 2 years

imprisonment on the felony firearm convictions, to be served consecutively to the other sentences.

In his current petition, he raises claims concerning conduct of the prosecutor, the effectiveness of trial counsel, and the scoring of a sentencing variable. The matter is before the Court on Petitioner's motion to stay his habeas proceedings so that he may return to the state courts and exhaust additional issues concerning the validity of his arrest and detention, the effectiveness of trial and appellate counsel, the amendment of the witness list and the conduct of the prosecutor, and the scoring of additional sentencing variables. For the reasons stated, the Court denies Petitioner's motion.

## II.

Petitioner's conviction arises from his connection to a series of home invasions in Saginaw County, Michigan in 2008. Following sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising the claims contained in his current petition. The Michigan Court of Appeals affirmed his conviction and sentence. *People v. Meador*, No. 292776, 2011 WL 165411 (Mich. Ct. App. Jan. 18, 2011) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Meador*, 489 Mich. 935, 797 N.W.2d 630 (May 24, 2011). Petitioner dated his federal habeas petition on January 27, 2012 and it was filed by the Court on February 2, 2012. Respondent filed an answer to the petition on August 6, 2012 asserting that it should be denied for lack of merit. Petitioner dated the instant motion on September 18, 2012 and it was filed by the Court on September 19, 2012.

## III.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155,

160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner has not shown the need for a stay. His current habeas claims are exhausted and he has not shown that the one-year statute of limitations applicable to federal habeas actions, *see* 28

U.S.C. § 2244(d), poses a concern. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). The Michigan Supreme Court denied Petitioner leave to appeal on May 24, 2011 and the time for seeking a writ of certiorari with the United States Supreme Court expired on August 21, 2011. Petitioner dated his federal habeas petition on January 27, 2012. Thus, only five months of the one-year period had expired when Petitioner instituted this action. While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that approximately seven months of the one-year period remains, Petitioner has sufficient time to exhaust additional issues in the state courts and return to federal court should he wish to do so.

Additionally, while there is no evidence of intentional delay, Petitioner has not shown good cause for failing to previously raise his additional issues in the state courts before seeking federal habeas relief. The fact that appellate counsel did not raise the issues on direct appeal, while perhaps establishing cause for that procedural default, does not excuse Petitioner's failure to exhaust all of his issues on state collateral review before proceeding in federal court. The lack of a legal education

4

and ignorance of the law do not constitute good cause for the failure to exhaust state remedies.  *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Kint v. Burt*, No. 2:05-CV-74822-DT, 2007 WL 763174, *2 n.1 (E.D. Mich. March 9, 2007).  Several of Petitioner's unexhausted claims concern matters of federal law which do not appear to be plainly meritless.  Those claims should be presented to, and addressed by, the state courts in the first instance.  Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.  Given such circumstances, the Court finds that a stay is unnecessary and unwarranted.

**IV.**

Accordingly, the Court **DENIES** Petitioner's motion to stay the proceedings and hold his habeas petition in abeyance.  Should Petitioner wish to have the Court dismiss the present petition, which contains exhausted claims, so that he may pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of his habeas petition within **30 days** of the filing date of this order.  If he does not do so, the Court shall proceed on the claims contained in the pending petition.

IT IS SO ORDERED.

s/John Corbett O'Meara
United States District Judge

Date:  September 21, 2012

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 21, 2012, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager